Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Paul E. Plunkett | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 7347 | **DATE** | 5/5/2003 |
| **CASE TITLE** | Steven Schmidt vs. Lester's Material Service, Inc., et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: there is no genuine issue of material fact on Plaintiff Schmidt's ADA or state law claims against defendants Lester's and Central Leasing, and they are entitled to judgment as matter of law. Accordingly, Defendants' motion for summary judgment is granted. This is a final and appealable order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | MAY - 7 2003 date docketed | |
| ✓ | Docketing to mail notices. | | | 37 |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | TBK | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |


STEVEN SCHMIDT,                              )
                                             )
        Plaintiff,                 )
                                             )
v.                                           )   No. 01 C 7347
                                             )   Paul E. Plunkett, Senior Judge
LESTER'S MATERIAL SERVICE, INC.,             )
an Illinois corporation and                  )
CENTRAL LEASING MANAGEMENT, INC.,            )
an Illinois corporation,                     )
                                             )
        Defendants.                )

## MEMORANDUM OPINION AND ORDER

Steven Schmidt ("Schmidt") has sued Lester's Material Service, Inc. ("Lester's") and Central Leasing Management, Inc. ("Central Leasing") (collectively, "Defendants") for various violations of the Americans with Disabilities Act, 42 U.S.C. § 12102, *et seq.* ("ADA") and state common law. Defendants have filed a Federal Rule of Civil Procedure 56(c) motion for summary judgment on these claims. For the reasons set forth below, the motion is granted.

### Facts

The following facts are derived exclusively from Defendants' Local Rule ("LR") 56.1(a) Statement of Material Facts, which is deemed admitted in its entirety pursuant to LR 56.1(b)(3)(B)[1].

---

[1] Plaintiff, having apparently ignored our initial briefing schedule on this matter, failed to seek an extension of time in which to file his response to Defendants' motion. In an Order dated March 7, 2003, we *sua sponte* granted plaintiff an extension of time in which to respond,

37

Central Leasing is a professional employment organization which had a written contractual arrangement with Lester's. (Def.'s LR 56.1(a) Stmt. ¶ A4.) Schmidt starting working with Central Leasing, at Lester's facility, as a truck driver on March 29, 2000. (*Id.* ¶ C1.) As a truck driver, Schmidt hauled earthen material to and from various jobsites. (*Id.* ¶ C2.)

On June 6, 2000, Schmidt was injured while working at a jobsite in Antioch, Illinois. (*Id.* ¶ C4.) He was referred to Dr. David Zoellick ("Zoellick"), a board certified orthopedic surgeon, for treatment of his injury. (*Id.* ¶¶ C5, C6.) Zoellick found that Schmidt suffered from an anterior cruciate ligament ("ACL") injury to his knee, tendinitis in his left shoulder rotator cuff and a mild lumbar back strain. (*Id.* ¶ C7.) An ACL injury does not prevent one from performing everyday activities, such as working, walking and shopping. (*Id.* ¶ C8.) Even with these injuries, at the time Zoellick examined Schmidt, Schmidt had full range of motion in his left shoulder. (*Id.* ¶ C7.)

Zoellick successfully performed surgery on Schmidt's knee on July 12, 2000 and on September 26, 2000, Zoellick found that Schmidt was able to perform office work. (*Id.* ¶¶ C9, C10.) Zoellick successfully performed surgery on Schmidt's left shoulder on December 6, 2000. (*Id.* ¶ C11.) During the surgery, Zoellick removed a cyst, but found no tears either to Schmidt's left shoulder rotator cuff or to the tendons. (*Id.*) On January 16, 2001, Zoellick found that Schmidt's left shoulder function was intact and Schmidt could return to work if he performed a sedentary job. (*Id.* ¶ C12.)

---

admonishing him that if no response were received, we would rule on Defendants' motion. No response was received, nor was a motion for an additional extension of time timely made. We now rule on Defendants' motion. The practical effect of plaintiff's failure to respond is that Defendants' motion is granted because, by resting on the allegations made in his pleadings, plaintiff has failed to show any genuine issue of material fact on any of his claims. Fed. R. Civ. P. ("Rule") 56(e).

Schmidt returned to Zoellick on February 13, 2001 for a follow-up visit. (*Id.* ¶ C13.) Zoellick found that Schmidt had fully recovered from his ACL injury. (*Id.*) Zoellick also found that Schmidt had nearly full range of motion in his left shoulder, that the shoulder was stable and that its strength continued to improve. (*Id.*) According to Zoellick, Schmidt was able to participate in any sporting activity involving walking, running and jumping, and that Schmidt could adequately take care of himself and perform manual tasks. (*Id.* ¶ C14.) Zoellick released Schmidt to light duty work, with the restriction that Schmidt not lift more than 20 pounds with his left arm. (*Id.* ¶ C15.) Schmidt was not restricted from lifting in general, and could return to work as a truck driver, provided the lifting restriction was respected. (*Id.* ¶ C16.) Schmidt's next scheduled appointment with Zoellick was March 13, 2001. (*Id.* ¶ C21.) Zoellick advised Schmidt to return earlier if Schmidt experienced any problems. (*Id.*)

Schmidt was notified by Central Leasing to report to work at Lester's on February 27, 2001. (*Id.* ¶ C17.) Schmidt drove to work on that date in his personal truck. (*Id.* ¶ C18.) He was fired on March 5, 2001. (*Id.* ¶ C19.)

Schmidt did not return to Zoellick prior to the March 13, 2001 appointment. (*Id.* ¶ C21.) On March 13, Zoellick found that Schmidt had fully recovered from his ACL injury and his left shoulder surgery. (*Id.* ¶ C22.) Zoellick could not find any objective reason for Schmidt's back discomfort. (*Id.*) Zoellick found that Schmidt could return to his regular duties as a truck driver. (*Id.* ¶ C23.) Zoellick considered his treatment of Schmidt concluded, and at no time during the course of his treatment of Schmidt did Zoellick advise Schmidt to seek a new line of employment. (*Id.* ¶¶ C25, C27.)

On May 2, 2001, Schmidt was discharged by a Dr. Martin Landoff for any further medical treatment. (*Id.* ¶ C28.) Schmidt has not received any treatment for his left knee, left shoulder or lower back since May 2001. (*Id.* ¶ C26.)

In October 2001, Schmidt obtained employment as a truck driver with Forstar Landscaping ("Forstar"). (*Id.* ¶ C29.) He drives a semi-tractor trailer with a manual transmission and is the only truck driver at Forstar. (*Id.* ¶¶ C29, C30.) Schmidt works a considerable amount of overtime at Forstar and has not missed a single day of work because of injury to his back, knee or shoulder, or because of any other physical condition. (*Id.* ¶¶ C29, C31.) Since October 2001, Schmidt has lived in an apartment where he cooks, cleans and performs housework. (*Id.* ¶ C32.) He has no difficulty speaking, hearing or thinking in any manner. (*Id.* ¶¶ C33, C34.) He walks without a cane, and has 20/20 vision with the use of eyeglasses. (*Id.* ¶ C34.)

## The Legal Standard

To prevail on a summary judgment motion, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, [must] show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). At this stage, we do not weigh evidence or determine the truth of the matters asserted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). We view all evidence and draw all inferences in favor of the non-moving party. *Michas v. Health Cost Controls of Illinois, Inc.*, 209 F.3d 687, 692 (7th Cir. 2000). To avoid summary judgment, Schmidt must set forth specific facts that demonstrate a genuine issue of material fact. *Pugh v. City of Attica*, 259 F.3d

619, 625 (7th Cir. 2001). Summary judgment is appropriate only when the record as a whole establishes that no reasonable jury could find for the non-moving party. *Michas*, 209 F.3d at 692.

**Discussion**

*1. Federal ADA Claims*

Schmidt contends that Defendants discharged him because of his disabilities in violation of the ADA, and that his discharge constitutes an intentional violation of the ADA for which he seeks punitive damages. Schmidt also asserts against Defendants a retaliatory discharge claim in violation of the ADA.

The ADA prohibits employers from discriminating against a "qualified individual with a disability." 42 U.S.C. § 12112(a). Proof of disability is a threshold requirement. Without it, Schmidt's ADA claims will fail. *Sinkler v. Midwest Prop. Mgmt. Ltd. P'ship*, 209 F.3d 678, 683 (7th Cir. 2000).

A person is disabled within the meaning of the ADA if he has: (1) "a physical or mental impairment that substantially limits one or more of the [individual's] major life activities"; (2) "a record of such an impairment"; or (3) is "regarded as having such an impairment." 42 U.S.C. § 12102(2); *see* 29 C.F.R. 1630.2(g). The definition of a "physical or mental impairment" includes "[a]ny physiological disorder, or condition, cosmetic disfigurement, or anatomical loss affecting one or more of the following body systems: neurological, musculoskeletal, special sense organs, respiratory (including speech organs), cardiovascular, reproductive, digestive, genito-urinary, hemic and lymphatic, skin, and endocrine." 29 C.F.R. § 1630.2(h)(1).

Having a disability is not sufficient to find protection under the ADA; a plaintiff's disability must also substantially affect a major life activity. Major life activities include: "caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." 29 C.F.R. § 1630.2(i). A person is "substantially limited" in a major life activity if he is "[u]nable to perform a major life activity that the average person in the general population can perform" or is "[s]ignificantly restricted as to the condition, manner or duration under which [he] can perform a particular major life activity as compared to the condition, manner, or duration under which the average person in the general population can perform that same major life activity." 29 C.F.R. §1630.2(j)(1)(i),(ii). A temporary disability is not covered by the ADA. *See Matthews v. Commonwealth Edison Co.*, 128 F.3d 1194, 1197 (7th Cir. 1997) ("the temporarily disabled are not protected by the [ADA]"). "The impairment's impact must also be permanent or long term." *Toyota Motor Mfg., Kentucky, Inc. v. Williams*, 534 U.S. 184, 198 (2002).

Defendants contend that Schmidt is not disabled under the ADA. We agree. Although Schmidt suffered injuries to his knee, shoulder and back, the injuries did not limit his ability to participate in major life activities. No evidence was offered by Schmidt asserting that he was unable to attend to his personal hygiene or carry out personal or household chores. *See Toyota Motor Mfg.*, 534 U.S. at 201-02. To the contrary, Schmidt was able to participate in sporting activities that involved walking, running and jumping. He was able to adequately take care of himself, perform manual tasks and drive himself to work. Even though Schmidt was released by Zoellick on February 13, 2001 to light duty work with lifting restrictions, there is no evidence that the restrictions were expected to be permanent or long lasting. *See Harrington v. Rice Lake Weighing Sys., Inc.*, 122 F.3d

456, 460 (7th Cir. 1997) (finding that lifting restrictions imposed immediately after cervical disk surgery did not substantially limit the ability to work because they were not expected to be long lasting). In fact, the record shows the opposite is true as, subsequent to being let go by Defendants, Schmidt found other employment as a truck driver where he works overtime and has not missed a single day of work due to any physical condition.

If Schmidt is arguing that the major life activity impaired is that of working, his claim fails. In the words of the Supreme Court:

> To be substantially limited in the major life activity of working, . . . one must be precluded from more than one type of job, a specialized job, or a particular job of choice. If jobs utilizing an individual's skills (but perhaps not his or her unique talents) are available, one is not precluded from a substantial class of jobs. Similarly, if a host of different types of jobs are available, one is not precluded from a broad range of jobs.

*Sutton v. United Airlines, Inc.*, 527 U.S. 471, 492 (1999). Schmidt has offered no evidence that he is precluded from working in a class of jobs or a broad range of jobs in various classes. *Weiler v. Household Fin. Corp.*, 101 F.3d 519, 525 (7th Cir. 1996).

Schmidt has failed to offer any evidence showing a dispute of material fact relating to a disability as defined by the ADA. *See Liu v. T & H Machine, Inc.*, 191 F.3d 790, 796 (7th Cir. 1999) ("a genuine issue of material fact does not exist unless there is sufficient evidence favoring the non-moving party"). Because he has not satisfied an essential element of establishing a case under the ADA, we need not explore the remaining facets of Schmidt's ADA claims[2]. *See Amadio v. Ford*

---

[2] Schmidt's claim of retaliatory discharge in violation of the ADA suffers the same fate. He has not offered any evidence to prove two of the three elements of the *prima facie* case: that he engaged in a protected activity and that there was causal link between his protected activity and his termination. *See Pugh*, 259 F.3d at 630 n.9 (setting forth the three elements of a *prima facie* case).

*Motor Co.*, 238 F.3d 919, 924 (7th Cir. 2001) (a claim under the ADA fails if a plaintiff fails to prove any of the elements of a *prima facie* case).

In sum, Schmidt has not raised a genuine issue of material fact on whether he has a disability within the meaning of the ADA or whether he engaged in a protected activity under the ADA. Because he has not met his burden under Rule 56(e), Defendants are entitled to summary judgment on Schmidt's ADA claims.

*2. State Law Claims*

Schmidt also asserts state law claims against Defendants. His allegations are somewhat vague, though, and it is difficult to discern the particular state law claims he advances. Construing his complaint liberally, we analyze his claims under the following common law doctrines: 1) retaliatory discharge; 2) good faith and fair dealing; 3) willful and wanton misconduct; and 4) intentional infliction of emotional distress. Schmidt has not presented sufficient evidence to demonstrate a genuine issue of material fact with respect to any of these claims and thus has not sustained his burden under Rule 56(e).

Illinois recognizes "a limited and narrow tort of retaliatory discharge as an exception to the general rule of at-will employment." *Miller v. Ford Motor Co.*, 152 F. Supp. 2d 1046, 1049 (N.D. Ill. 2001) (citing *Jacobson v. Knepper & Moga, P.C.*, 706 N.E.2d 491, 492 (Ill. 1998)). The tort is

---

Schmidt's complaint alleges he initiated a proceeding against Lester's under the Illinois Workers Compensation Act, but he offers no evidence of the same. Schmidt must set forth "specific facts showing there is a genuine issue for trial." Rule 56(e). Schmidt rests on the allegations made in his pleadings, which does not satisfy Rule 56(e).

recognized in two contexts. The one applicable here is where the employee is fired for filing, or in anticipation of filing, a claim under the Illinois Workers Compensation Act (the "Act"). *Id.* Schmidt's complaint alleges that he initiated proceedings against Lester's under the Act, but he has failed to proffer any evidence in support of his allegation. He has not met the requirements of Rule 56(e).

To support of a claim for breach of the implied covenant of good faith and fair dealing in the face of Defendants' summary judgment motion, Schmidt must at least offer evidence of an employment contract. He has not offered such evidence, and Illinois does not recognize such a claim in an at-will employment setting. *See Miller*, 152 F. Supp. 2d at 1049 (citing to *Harrison v. Sears, Roebuck & Co.*, 546 N.E.2d 248, 256 (Ill. App. Ct. 1989)).

Schmidt has also not met his burden with respect to claims for either willful and wanton misconduct or intentional infliction of emotional distress. Willful and wanton misconduct involves either Defendants' intention to harm Schmidt or Defendants' conscious disregard for Schmidt's welfare. *See O'Brien v. Township High Sch. Dist.*, 415 N.E.2d 1015, 1018 (Ill. 1980). A claim for intentional infliction of emotional distress involves conduct that is truly extreme and outrageous that in fact causes severe emotional distress. *See McGrath v. Fahey*, 533 N.E.2d 806, 809 (Ill. 1988). Schmidt has not offered any evidence to show a genuine issue of material fact exists as to whether Defendants engaged in the type of conduct necessary to make out either claim, or whether Schmidt suffers from severe emotional distress.

In sum, Schmidt has not raised a genuine issue of material fact on any of these state law claims. As a result, Defendants are entitled to summary judgment on these claims.

## Conclusion

For the reasons set forth above, there is no genuine issue of material fact on Schmidt's ADA or state law claims against Lester's and Central Leasing, and they are entitled to judgment as matter of law. Accordingly, Defendants' motion for summary judgment is granted. This is a final and appealable order.

**ENTER:**

_____
**UNITED STATES DISTRICT JUDGE**

DATED: May 5, 2003